**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 3, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

REGINALD LAWRENCE HARRIS,

       Plaintiff–Appellant,

v.

SERGEANT (FIRST NAME
UNKNOWN) GUTIERREZ (CCCF);
CAPTAIN (FIRST NAME
UNKNOWN) KOLHANDER (CCCF);
STAFF OFFICER (FIRST NAME
UNKNOWN) HANBY (CCCF);
STAFF OFFICER (FIRST NAME
UNKNOWN) PELSTER (CCCF);
STAFF OFFICER (NAME
UNKNOWN) JOHN DOE (CCCF); and
(CCCF - CROWLEY COUNTY
CORRECTIONAL FACILITY),

       Defendants–Appellees.

No. 09-1184
(D.C. No. 1:09-CV-00424-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

    [*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Reginald Lawrence Harris, a state prisoner proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 action. He claims the defendants violated his rights under the Eighth and Fourteenth Amendments by placing him in an unlit cell for over three hours and thereafter serving him a dinner of cold pizza. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Harris is a prisoner at Colorado's Sterling Correctional Facility. On May 16, 2008, he was transferred to a segregation cell. According to Harris, this transfer violated prison policy in several respects: he was not strip-searched when placed in the cell and his cell had not been inspected. As evening approached, Harris attempted to turn on the light in his cell, but it was not working. He notified Sergeant Gutierrez and asked to be moved to a different cell. Gutierrez denied Harris' request and ordered him to "strip out." When Harris refused, Gutierrez became angry and would not bring Harris food or transfer him out of the unlit cell. After Gutierrez's shift ended, another prison official strip searched Harris and transferred him to a different cell. In the new cell, Harris was finally fed. However, the pizza he was provided was cold; Harris describes it as "inedible." The entire incident lasted approximately three and one half hours.

After exhausting his prison grievance procedures, Harris filed suit in federal district court. He alleges that the actions of Gutierrez and other prison officials constituted cruel and unusual punishment and denied him due process.

The district court dismissed his suit as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).  Harris appeals.

We agree with the district court that Harris fails to state an Eighth Amendment claim.  He does not allege a "sufficiently serious" deprivation that resulted "in the denial of the minimal civilized measure of life's necessities." Tafoya v. Salazar, 516 F.3d 912, 916 (10th Cir. 2008) (quotation omitted).  As described, the single incident Harris complains of falls well short of this standard. Further, Harris' descriptions of the defendants' actions do not demonstrate deliberate indifference.  He has not alleged that the defendants knew of or disregarded "an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

We also agree with the district court's dismissal of Harris' due process claim.  Harris asserts that he was denied due process when Gutierrez and two other prison officials refused to notify the shift commander of Harris' complaints. However, he has not alleged that he was subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" or "action [that] will inevitably affect the duration of his sentence."  Sandin v. Conner, 515 U.S. 472, 484, 487 (1995).  Accordingly, Harris has not pled a constitutionally protected liberty interest.

Because we conclude this appeal was frivolous, we **DISMISS** under 28 U.S.C. § 1915(e)(2)(B)(I) and **DENY** Harris' motion for leave to proceed on

appeal without prepayment of fees. Harris must immediately pay the balance due on his filing fee. We further note that our dismissal counts as a strike under 28 U.S.C. § 1915(g).

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge